**FILED**
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Augusta, Georgia
By jpayton at 5:19 pm, Mar 27, 2013

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Dublin Division

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 Case |
| | ) | Number <u>12-30113</u> |
| SARALAND, LLLP | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |

## OPINION AND ORDER

Before the Court is a Motion to Convert to Chapter 7 filed by the United States Trustee ("UST"), as well as the joint motion of Colony Bank ("Colony"), AgGeorgia Farm Credit, ACA ("AgGeorgia"), and F & W Forestry Services, Inc. ("F & W") for Appointment of a Trustee pursuant to 11 U.S.C. §1104.[1] Saraland, LLLP ("Saraland" or "Debtor") opposes the conversion. For the reasons set forth on the record at the hearing held March 12, 2013 and for those set forth herein, the UST's motion is granted in part and denied in part. The joint motion of Colony, AgGeorgia, and F & W is granted.

Pursuant to 11 U.S.C. §1112(b),[2] once "cause" is

---

[1] All of Saraland's secured creditors, Colony, AgGeorgia, and Bank of Eastman participated in the hearing and support the appointment of a chapter 11 trustee. F & W has filed an unsecured claim that Debtor disputes. F & W participated at the hearing and also supports the appointment of a chapter 11 trustee.

[2] 11 U.S.C. §1112(b) states in pertinent part:

established a chapter 11 case shall be converted or dismissed, whichever is in the best interests of the creditors and the estate, unless the Court determines that the appointment of a chapter 11 trustee is in the best interest of the creditors and the estate. 11 U.S.C. §1112(b)(1). Provided the Court shall not dismiss or convert the case if it finds unusual circumstances and the debtor or other party interest establishes that there is a reasonable likelihood that a plan will be confirmed within a reasonable period of time and the grounds for converting or dismissing include an act or omission, other than loss or diminution of the estate, that is justifiable and curable within a reasonable period of time. 11 U.S.C. §1112(b)(2). A non-exhaustive list of examples of "cause" is set forth in 11 U.S.C. §1112(b)(4).[3]

---

(b)(1) Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

[3] 11 U.S.C. §1112(b)(4) states:

(4) For purposes of this subsection, the term 'cause' includes--

(A) substantial or continuing loss to or diminution of the

2

estate and the absence of a reasonable likelihood of rehabilitation;

(B) gross mismanagement of the estate;

(C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;

(D) unauthorized use of cash collateral substantially harmful to 1 or more creditors;

(E) failure to comply with an order of the court;

(F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;

(G) failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;

(H) failure timely to provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator, if any);

(I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;

(J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court;

(K) failure to pay any fees or charges required under chapter 123 of title 28;

(L) revocation of an order of confirmation under section 1144;

(M) inability to effectuate substantial consummation of a confirmed plan;

3

Based upon the evidence before the Court, I find the following constitute "cause" in the case sub judice: (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation; (B) gross mismanagement of the estate; (C) unauthorized use of cash collateral substantially harmful to 1 or more creditors; and (D) failure to file a disclosure statement, or to file or confirm a plan. See 11 U.S.C. §1112(b)(4)(A), (B), (D), and (J).

As set forth at the hearing, there has been gross mismanagement and a continuing loss and diminution of the bankruptcy estate, as the proper chapter 11 operating procedures have not been followed. Without Court or creditor approval, funds of Saraland have been commingled with and used to fund the separate chapter 11 cases of Paradise Farms, LLC ("Paradise") and the individual case of Lister Harrell ("Mr. Harrell"), Saraland's managing member. Mr.

---

(N) material default by the debtor with respect to a confirmed plan;

(O) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan; and

(P) failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.

4

Harrell testified and acknowledged and the operating reports confirm, Saraland's funds also have been utilized to pay for Mr. Harrell's personal expenses as well as the expenses of Paradise. While Mr. Harrell testified he has now changed Debtor's internal financial procedures to better safeguard against these events that does not rectify the damage already done under Mr. Harrell's management and control. Furthermore, the recent operating reports continue to reflect expenses for automobiles Debtor does not own or did not disclose on its schedules as well as commissions being paid to contract laborers whose employment has never been approved and some payments to a purported insider, Sarah Harrell. Furthermore, Mr. Harrell's testimony reflects a lack of understanding and competence in complying with chapter 11 procedures. He stated he did not know if Saraland owned any vehicles, and Debtor's schedules do not reflect any vehicles, yet the operating reports show vehicle expenses being paid. There also is confusion on which debtor owned the 1973 Camero and mobile home that was sold post-petition and the proceeds given to Mr. Peek, who is Mr. Harrell's personal attorney. Mr. Harrell has used approximately $83,000.00 in cash to convert Saraland's timberland to irrigated cropland without secured creditor consent or Court approval. In August, without prior Court approval, Saraland incurred debt in the amount of $8,000.00 with a loan from

5

Mr. Harrell. While no payments are being made to its creditors, Saraland has paid dividends to Mr. Harrell and paid for business travel and entertainment that did not benefit Saraland.

Lastly, under Mr. Harrell's management, Saraland has not filed a plan of reorganization. The case was filed on March 29, 2012. The exclusivity period expired July 27, 2012 and no plan has been filed. Almost an entire year has passed without a plan being filed. See 11 U.S.C. §1112(b)(4)(J).[4] Mr. Harrell has testified at various hearings on his ideas for Saraland; however, to date no plan has been filed with this Court.

Each of these items constitute cause to convert, dismiss, or appoint a chapter 11 trustee, whichever is in the best interest of the estate and the creditors. 11 U.S.C. §1112(b)(4). Debtor has failed to show unusual circumstances exist that conversion or dismissal is not in the best interest of creditors and the estate, nor has Debtor established that a plan will be confirmed within a reasonable period of time. See 11 U.S.C. §1112(b)(2). Since "cause" exists and unusual circumstances have not been shown, I must decide whether to dismiss, convert or appoint a chapter 11 trustee

---

[4] Notwithstanding the failure to file a plan, the previously discussed grounds under §1112(b)(4)(A), (B) and (D) are sufficient cause to dismiss, convert, or appoint the chapter 11 trustee.

6

under 11 U.S.C. §1104.[5] 11 U.S.C. §1112(b). Given the nature of Debtor's business, the issue of whether Debtor is a "farmer" arose at the hearing. See 11 U.S.C. §101(20)(defining farmer). If Debtor is a "farmer" it cannot be converted to a chapter 7 without its consent and Debtor opposes any such conversion. See 11 U.S.C. §1112(c) and (f). At the hearing, the creditors, noting the uncertainty of the issue, requested the appointment of a chapter 11 trustee rather than conversion.

The decision whether to appoint a trustee is fact intensive and the determination must be made on a case by case

---

[5] 11 U.S.C. §1104(a) states in pertinent part:

(a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee-
    (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or
    (2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor.

7

basis. In re Sharon Steel Corp., 871 F.2d 1217, 1226 (3rd Cir. 1989); In re Intercat, Inc., 247 B.R. 911, 921 (Bankr. S.D. Ga. 2000); In re Bellevue Place Assoc., 171 B.R. 615, 622 (Bankr. N.D. Ill. 1994). The Court may consider the cumulative or collective impact of the conduct and issues raised. In re Cardinal Indus., Inc., 109 B.R. 755 (Bankr. S.D. Ohio 1990); In re Sharon Steel Corp., 871 F.2d at 1228. After considering the matter, I find appointment of a chapter 11 trustee is in the best interest of the estate and the creditors. Without the commingling and diminution of the estate, Debtor may have a chance at reorganizing and therefore, the benefit to the estate and the creditors outweighs the cost of the chapter 11 trustee. In addition, the secured creditors and the UST support and request the appointment of a chapter 11 trustee.

   The final issue to address is whether the Examiner's Report should be admitted into evidence over Saraland's objection. Saraland argues the report contains hearsay and should not be admitted into evidence and the Court should just consider the examiner's oral testimony. I disagree. The examiner was present and testified subject to cross-examination. He is well qualified and duly carried out his examiner duties. The report is not admitted for the truth of the matter asserted. The report is an aid to the Court and is the basis of the examiner's opinion and

8

conclusions. See In re FiberMark, Inc., 339 B.R. 321, 326-27 (Bankr. D. Vt. 2006)("[A] party must prove a cause of action based upon admissible evidence, and though the examiner's report may not be admissible, it is a resource containing information and observations of an independent expert. Bankruptcy courts routinely consider and rely on the testimony and reports of examiners. . . an examiner's report is helpful to the court in understanding facts, but is not intended to establish evidence). In FiberMark, the court admitted some portions of the examiner's report which consisted of his conclusions and excluded the facts as hearsay. As the fact finder, I find the UST established "cause" through the testimony of the examiner, the testimony of Mr. Harrell and the operating reports. The examiner's report is admitted as an aid to the Court in understanding the conclusions of the examiner, but does not establish facts. See In re Apex Oil, 118 B.R. 683, 688 (Bankr. E.D. Mo. 1990)(court relied on an examiner's report that analyzed causes of action available to the estate); In re Granite Broad. Corp., 369 B.R. 120, 129, n. 10 (Bankr. S.D.N.Y. 2007)(reviewed the examiner's report but acknowledged that the examiner's report is not evidence but the report was designed to assist the parties and the Court in analyzing a factual issue and narrowing and focusing the issues before the Court). The factual issues raised by Saraland at the hearing regarding the report were well noted, considered and addressed by the examiner in his direct and cross examination. For

AO 72A
(Rev. 8/82)

these reasons and the reasons set forth on the record at the hearing, Debtor's objection to the admission of the examiner's report is overruled.

For the forgoing reasons and the reasons set forth at the hearing held March 12, 2013, the UST's Motion is ORDERED DENIED as to the conversion to a chapter 7 case and GRANTED as to the appointment of a chapter 11 trustee. It is FURTHER ORDERED that the joint motion of Colony, AgGeorgia, and F & W for Appointment of a Trustee is GRANTED. As contemplated by 11 U.S.C. §1104(d) the United States Trustee, after consultation with parties in interest, shall appoint, subject to this Court's approval, a chapter 11 trustee.

_____
SUSAN D. BARRETT
CHIEF UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia
this 27th day of March 2013.