Case:12-30113-SDB   Doc#:681   Filed:07/22/14   Entered:07/22/14

**FILED**
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Augusta, Georgia
By jpayton at 5:11 pm, Jul 22, 2014

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Dublin Division

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 Case |
| | ) | Number <u>12-30113</u> |
| SARALAND, LLLP | ) | |
| | ) | |
| Debtor | ) | |
| _____ | ) | |
| | ) | |
| IN RE: | ) | Chapter 7 Case |
| | ) | Number <u>12-30112</u> |
| LISTER W. HARRELL | ) | |
| | ) | |
| Debtor | ) | |
| _____ | ) | |
| | ) | |
| IN RE: | ) | Chapter 7 Case |
| | ) | Number <u>12-30111</u> |
| PARADISE FARMS, INC. | ) | |
| | ) | |
| Debtor | ) | |
| _____ | ) | |
| | ) | |
| TODD BOUDREAUX, TRUSTEE, | ) | Adversary Proceeding |
| | ) | Number <u>14-03004</u> |
| Plaintiff | ) | |
| v. | ) | |
| | ) | |
| A. CARTER CLEMENTS AND | ) | |
| BORDEAUX, LLC., | ) | |
| | ) | |
| Defendants | ) | |
| _____ | ) | |

<u>ORDER</u>

This order addresses the following pro se pleadings filed Mr. Lister Harrell ("Mr. Harrell"): "Motion for Settlement, Payment

AO 72A
(Rev. 8/82)

and Reffirmation [sic] of All Debt and Discharge from All Three cases" (the "Rescind Motion"); and "Motion to Remove Nevin Huck Smith and Smith and Conerly Attorney's [sic] from Carrolton, GA" (the "Removal Motion"). For the reasons set forth at the hearing held July 1, 2014 as well as the following reasons, Mr. Harrell's motions are denied.[1]

The Rescind Motion was filed in all three bankruptcy cases--Saraland, Paradise Farms and Mr. Harrell's individual chapter 7 case. In these motions, Mr. Harrell seeks: 1) to rescind the purported contract between Lister Harrell and Carter Clements; 2) to rescind the contract between the Chapter 11 Trustee of Saraland, LLLP ("the Trustee") and Carter Clements[2]; 3) for the Court to issue a cease and desist order stopping all activities that may have or are happening at the property of Saraland and Paradise Farms; and 4) an opportunity to issue full payment to all creditors.

The Rescind Motion is not applicable in the Paradise Farms case or Mr. Harrell's individual bankruptcy case. Both of these are

---

[1] This case has a long history and the specific relief requested in these pro se motions is somewhat confusing. Many of the requests have been addressed in previous orders and those orders continue in full force and effect.

[2] Under the approved compromise, the Trustee will transfer the property by quit claim deed to Bordeaux LLC, an entity owned by Carter Clements. For purposes of clarity in this order, the buyer and title holder are referred to as "Carter Clements" without distinction from Bordeaux, LLC.

2

chapter 7 bankruptcies and the Chapter 7 Trustee in these cases indicates he does not support the motion. The Chapter 7 Trustee also states he does not expect either case to be a surplus case. As I have previously ruled on several occasions, Mr. Harrell does not have standing to rescind the contract between Saraland and Carter Clements. The contracts in question involve the sale of Saraland's assets, not Paradise Farms's or Mr. Harrell's individual assets, as a result the relief requested by Mr. Harrell in these two cases is not applicable.

In the Saraland case, after lengthy proceedings relief from the automatic stay was granted in 2013 as to a significant portion of the property in question. Thereafter, again after lengthy proceedings, the land Mr. Harrell seeks to purchase was sold or placed under contract to be sold to Carter Clements.[3] At the closing, Mr. Harrell supported Mr. Clements purchase of the property. Now, Mr. Harrell seeks rescission of the sale to Carter Clements because of a purported undisclosed contract between Mr. Harrell and Carter Clements under which Mr. Clements purportedly agreed to sell the property back to Mr. Harrell. There is no current opportunity for Mr. Harrell, or a third party not already

---

[3] The Trustee continues to work with the EPA regarding the mitigation efforts involving the pond.

3

under contract, to purchase Saraland's real property. The Trustee has not filed a new motion to sell. In addition, the Trustee also has stated that a payoff amount is not currently available due to the contingency with the EPA involving the mitigation requirements for the pond; and Mr. Harrell has failed to provide sufficient documentation that he has the ability to purchase the assets of Saraland and to pay off all of the debts. As a result, the property is not available for purchase by Mr. Harrell.

As discussed in previous orders, Mr. Harrell is in an individual chapter 7 proceeding. His stock ownership in Saraland is now held by the Chapter 7 Trustee in his individual case. As stated previously by the Court at prior hearings, Mr. Harrell cannot represent Saraland and cannot seek to rescind a contract between the Trustee and Mr. Clements. See eq., Dckt. No. 366, Case No. 12-30113. In addition, the motion is denied for the reasons set forth on the record on July 1, 2014.

Furthermore, AgGeorgia Farm Credit, a secured creditor of Saraland that was previously granted relief from the stay as to a large portion of the property in question, appeared at the hearing and stated Mr. Harrell did not have standing to rescind any sale of Phase I of the Saraland property and opposed Mr. Harrell's Rescind Motion.

4

As to any breach of a purported undisclosed contract between Mr. Clements and Mr. Harrell, and Mr. Smith's purported representation of Mr. Harrell, these are state law claims that Mr. Harrell may pursue in state court, if appropriate. However, they are not grounds for this Bankruptcy Court to overturn the contract and sale between the Trustee and Carter Clements.

Next, Mr. Harrell seeks a stay of any activities on the property of Saraland and Paradise Farms. First, for the reasons previously discussed, Mr. Harrell does not have standing in the Saraland and Paradise Farms cases. Furthermore, a stay may be granted only if the moving party shows that: (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction is issued; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest. Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1097 (11th Cir. 2004); In re Healthmaster Home Health Care, Inc., 1995 WL 928920 *2 (Bankr. S.D. Ga. Apr. 13, 1995) citing Snook v. Trust Co. of Georgia Bank of Savannah, 909 F.2d 480, 483 (11th Cir. 1990). Mr. Harrell's motion fails to provide sufficient grounds to issue a stay. First, the pro se pleading fails to establish a substantial likelihood of success

5

on the merits. Due to Mr. Harrell's gross mismanagement, commingling of assets and diminution of the Saraland bankruptcy estate, the Court appointed a Chapter 11 Trustee. See Dckt. No. 150, Case No. 12-30113. The Trustee is charged with operating Saraland and as addressed in previous orders, Mr. Harrell cannot represent Saraland in these proceedings. Relief from the automatic stay was granted in 2013 as to large portion of the property and after notice and a hearing, the sale order has been duly entered. Mr. Harrell has failed to show a substantial likelihood of success on the merits of his claim. Next, Mr. Harrell has failed to show irreparable harm will occur if the injunction is not granted. Furthermore, given then facts and circumstances of this case, this factor does not merit a stay. Next, the threatened injury to Mr. Harrell does not outweigh whatever damage the proposed injunction may cause the opposing parties. The sale of 2,061.39 acres has closed and secured creditors have been paid large sums. See Dckt. No. 469, Case No. 12-30113, Report of Sale. Finally, given the facts and circumstances of this case, an injunction would not be in the public interest. The public interest is best served with the finality of orders and efficient administration and sale of bankruptcy assets. In re Twenty-Six Realty Assocs. L.P., 1995 WL 170124 *16 (E.D.N.Y. April 4, 1995)("The better position is to recognize the need for finality of decisions, especially in a

6

bankruptcy proceeding, which is best served by the denial of a stay in this case."); In re Carribean Petroleum Corp., 2013 WL 950361, *5 (Bankr. D. Del. March 11, 2013)(finding injunction not in the public interest because it would impair the finality of confirmation and produce uncertainty which would be "disruptive of the bankruptcy process."). For these reasons, the request for a stay is denied.

Mr. Harrell's Removal Motion also is denied. Pursuant to Georgia Rule of Professional Conduct 1.7:

> a. A lawyer shall not represent or continue to represent a client if there is a significant risk that the lawyer's own interests or the lawyer's duties to another client, a former client, or a third person will materially and adversely affect the representation of the client, except as permitted in (b).
>
> b. If client informed consent is permissible a lawyer may represent a client notwithstanding a significant risk of material and adverse effect if each affected client or former client gives informed consent, confirmed in writing, to the representation after:
>
>> 1. consultation with the lawyer, pursuant to Rule 1.0(c);
>> 2. having received in writing reasonable and adequate information about the material risks of and reasonable available alternatives to the representation, and
>> 3. having been given the opportunity to consult with independent counsel.
>
> c. Client informed consent is not permissible if the representation:
>
>> 1. is prohibited by law or these

7

> Rules;
> 2. includes the assertion of a claim by one client against another client represented by the lawyer in the same or substantially related proceeding; or
> 3. involves circumstances rendering it reasonably unlikely that the lawyer will be able to provide adequate representation to one or more of the affected clients.

Ga. Rule 1.7. "A party moving to disqualify counsel for an opposing party based on conflict of interest bears the burden of showing that the matters embraced within the pending suit are substantially related to the matters or the cause of action involved in the previous representation." Harris v. S. Christian Leadership Conference, Inc., 721 S.E. 2d 906, 912-13 (Ga. Ct. App. 2011). "[T]he right to counsel is an important interest which requires that any curtailment of the client's right to counsel of choice be approached with great caution." Blumenfeld v. Borenstein, 276 S.E.2d 607 (Ga. 1981). "In addition to the client's right to counsel, there are practical reasons to approach with caution a motion to disqualify, which if granted will 'inevitably delay[ ] the proceedings and work[ ] a unique hardship on the client,' who will lose time, money, and his previous counsel's knowledge of the situation if forced to obtain new counsel." Harris v. S. Christian Leadership Conference, Inc, 721 S.E.2d at 912-13 (citing Lewis v. State, 718 S.E.2d 112 (Ga. Ct. App. 2011)).

8

Based upon the facts presented, there is no violation of Rule 1.7 requiring Mr. Smith's disqualification from representing Mr. Clements in the matter before this Court. Mr. Smith is not the attorney of record in any of these cases. He was never hired by the Chapter 7 Trustee or the Chapter 11 Trustee in their respective cases, nor has the Court entered an order appointing Mr. Smith as counsel. Harrell does not have authority to hire counsel on behalf of Paradise Farms or Saraland. To the extent, Mr. Harrell hired Mr. Smith as his personal attorney in his individual Chapter 7 case,[4] Mr. Smith's appearance was a limited appearance to file a Motion to Reconsider as to Saraland's sale of property located in Florida totally unrelated to the issues currently before the Court.

While Mr. Smith informed the Court at the October 28, 2013 hearing that Mr. Harrell supports the sale to Mr. Clements, he did not do so as Mr. Harrell's attorney. The Court understood Mr. Smith was acting as an officer of the Court, not in a representative capacity on behalf of Mr. Harrell. At the hearings on the sale, Mr. Smith was clear on the record that he represented Mr. Clements. Furthermore, at that time the interests of Mr. Clements and Mr. Harrell were aligned with both supporting the Trustee's sale to Mr.

---

[4] This order does not limit Mr. Harrell from hiring or terminating an attorney that represents him individually. Important distinctions exist between Mr. Harrell, individually, these business entities, and Mr. Harrell's ownership interests therein.

9

Clements. Mr. Harrell's own pleadings state that he was pleased with the sale to Mr. Clements the day of the auction.

The conduct Mr. Harrell is complaining of is a purported undisclosed side agreement between Mr. Clements and Mr. Harrell for the subsequent sale of the property to Mr. Harrell. Despite being in his own chapter 7 case, Mr. Harrell claims he has a contract with Mr. Clements to repurchase the property. To the extent Mr. Harrell complains that Mr. Smith breached any ethical duty owed to Mr. Harrell on the enforceability of such undisclosed contract for the subsequent sale of a portion of the property he may pursue that in a state court forum, if appropriate.

For the reasons set forth at the hearing held July 1, 2014 and for the foregoing reasons, Mr. Harrell's Rescind Motion and Removal Motion are ORDERED DENIED.

_____
SUSAN D. BARRETT
CHIEF UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia
this 22nd day of July 2014.

10